UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Demaris Centrell Norman**, #11813-021, | ) | **C/A No. 3:07-3376-CMC-JRM** |
| Petitioner, | ) ) ) | |
| vs. | ) | Report and Recommendation |
| **John J. LaManna**, Warden, | ) ) ) | |
| Respondent. | ) ) | |

### *Background of this Case*

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2241 by a federal prisoner. The petitioner is a federal inmate at FCI-Edgefield. The petitioner is serving a sentence of fifty-four (54) months for possession of a firearm by a convicted felon. The petitioner's conviction was entered in the United States District Court for the Southern District of Georgia on July 21, 2004.

In an order filed in this case filed on October 18, 2007, the undersigned directed the petitioner to submit an amended § 2241 petition on the District of South Carolina Section 2241 form. The petitioner has done so. The above-captioned case is now "in proper form."

The undersigned had directed the petitioner to submit an amended petition on the District of South Carolina Section 2241 form because the original petition (Entry No. 1), though on a six-page Section 2241 form promulgated by another federal district court, did not contain a section for the petitioner to disclose whether he has exhausted his administrative remedies in the Federal Bureau of Prisons. Question 15 of the District of South Carolina Section 2241 form provides a petitioner

1

the opportunity to disclose whether he or she has exhausted administrative remedies in the Federal Bureau of Prisons.

The above-captioned case is a "jail time" credit case. The petitioner was arrested on October 23, 2003, for possession of a firearm and possession of marijuana. The petitioner was sentenced by the United States District Court for the Southern District of Georgia to fifty-four (54) months on the firearms charge. The petitioner was then returned to a county jail. The petitioner on December 16, 2004, was sentenced by the State of Georgia on the marijuana charge to ten (10) years to run concurrent with the petitioner's federal sentence. The petitioner was, again, returned to the county jail.

On April 6, 2005, the petitioner was transferred from the county jail to a state prison in Georgia. The petitioner "made parole" on December 23, 2006. United States Marshals on December 23, 2006, "picked [the petitioner] up from state prison and placed [him] in federal detention." The petitioner entered FCI-Edgefield on July 25, 2007.

On September 27, 2007, the petitioner states that he was informed by staff at FCI-Edgefield that he was not being given credit for the time he spent in the county jail or "from the date [his] federal sentence was imposed." The petitioner also learned that his federal sentence start date was December 23, 2006, the date he was "paroled out of state prison, which now gives [him] an outdate of 11-23-2010 via good-time credits." The petitioner writes:

> Had my sentence been calculated correctly according to the first, the federal judge's sentence order and then the state judge's concurrent sentence order, I would not be courrently [*sic*] imprisoned illegally. I have exceeded my 54 month federal sentence. With credit for my county jail time dating back to October 25, 2003, and credit from the time my federal sentence was imposed, my release date was September 25, 2007 with good-time credit and April 25, 2007, without good-time credit — which I have done nothing to lose. Therefore, I am being imprisoned illegally.

2

(Amended Petition [Entry No. 6], at page 11).

In his answers to Question 15 and its subparts of the amended petition, the petitioner discloses that he filed a Request for Administrative Remedy. The petitioner was informed that the "DSCC has computed [his] sentence on Sept. 21, 2007, but that sentence has not been certified as correct." (Amended Petition [Entry No. 6], at page 8).

A copy of the Warden's response of October 10, 2007, to the petitioner's Request for Administrative Remedy of September 18, 2007, (No. 468341-F1) is appended to the amended petition. The Warden's response indicated that the "Designations and Sentence Computation Center (DSCC)" had not certified the petitioner's sentence as correct. The Warden informed the petitioner that, when the DSCC had certified the petitioner's sentence as correct, the Federal Bureau of Prisons could address the issues raised in the petitioner's Request for Administrative Remedy. The Warden's response also apprised the petitioner that he had the right to file an appeal within twenty (20) days by submitting a Form BP-10 to the Regional Director of the Federal Bureau of Prisons in Atlanta. *See* Amended Petition [Entry No. 6], at page 12.

In his answer to Question 15(b), the petitioner checks the "NO" box in answering the question whether he submitted his claim to the Bureau of Prisons or other federal agency for administrative action. The petitioner states that he did not present his claim "[b]ecause when prisoner is entitled to custody credit for a state sentence that was imposed after commencement of his federal sentence that was expressly made concurrent to federal sentence, exhaustion would be futile when prisoner is entitled to immediate release if time credit was given."

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* amended petition (Entry No. 6) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal because the petitioner

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

has not exhausted his administrative remedies in the Federal Bureau of Prisons. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Since the petitioner has not completed all the steps in the Federal Bureau of Prison Administrative Remedy Procedure, this case is subject to summary dismissal for failure to exhaust federal prison remedies. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 531 U.S. 956 (2001); and *Higginbottom v. Carter*, 223 F.3d 1259 (11th Cir. 2000).

The Administrative Procedures Act, which is codified at 5 U.S.C. § 554 *et seq*., and at 5 U.S.C. § 701 *et seq.*, is *not* applicable to inmates of the Federal Bureau of Prisons. *See* 18 U.S.C. § 3625. The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. *See* 28 C.F.R. § 542.10, which was cited in *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986).

When the Designations and Sentence Computation Center (DSCC) certifies the petitioner's sentence as correct, the petitioner must file a formal grievance with the Warden of his prison (using a Form BP-9). *See* 28 C.F.R. § 542.13(b); and *Hernandez v. Steward*, 1996 U.S.Dist. LEXIS® 18076, 1996 WESTLAW® 707015 (D. Kan., November 27, 1996) (federal prisoners must exhaust prison remedies prior to bringing suit in a federal district court).[3]

---

[3]In *Hernandez v. Steward,* the United States District Court for the District of Kansas outlined the procedure for exhausting administrative remedies in the Federal Bureau of Prisons:

> The case comes before the court on the government's motion to dismiss for lack of subject matter jurisdiction (Dk. 15), and the government's motion to grant its motion to dismiss as uncontested (Dk. 18). By minute order filed October 23, 1996,
> (continued...)

(...continued)
(Dk. 20), the court gave the plaintiff until November 15, 1996, to file a response in accordance with D. Kan. Rules 7.1 and 7.6. The court also cautioned the plaintiff that "[i]f a response is not timely filed, the court may consider and decide the defendants' motion to dismiss as an uncontested motion." (Dk. 20). The plaintiff has not filed a response within the time provided.

The defendants seek dismissal arguing the plaintiff has not exhausted the administrative remedies available to inmates confined in correctional facilities operated by the federal Bureau of Prisons. *See* 28 C.F.R. Part 542. The Prison Litigation Reform Act, signed into law on April 26. 1996, Pub. L. No. 104-132, amended 42 U.S.C. § 1997e making it mandatory that a prisoner exhaust his administrative remedies. [FN1] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

[FN1. The Prison Litigation Reform Act took effect three days before the plaintiff filed this action.]

In his complaint, the plaintiff declares under penalty of perjury that he exhausted his administrative remedies and that he "filed what they called informal remedy which is BP, 8, 9, and 10 and they never replaid (sic) to" him. (Dk. 2 p. 3). The plaintiff does not attach copies of any forms he says were "filed." The plaintiff's conclusory assertion is not enough to demonstrate exhaustion within the meaning of § 1997e(a).

Under the federal administrative remedy program, the inmate first must submit his "issue of concern informally to staff." 28 C.F.R. § 542.13. If the issue is not resolved informally, the inmate commences the three-tiered administrative remedy procedure by filing a written administrative remedy request (BP-9) with the local institution's administrative staff (Warden). 28 C.F.R. § 542.14(a). If dissatisfied with the Warden's response, the inmate may file an appeal (BP-10) with the Regional Director. 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, the inmate may file an appeal (BP-11) with the General Counsel. This is the final administrative appeal provided under the administrative remedy scheme. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Irwin v. Hawk,* 40 F.3d 347, 349 n.2 (11th Cir. 1994), *cert. denied,* 116 S. Ct. 112 (1995).

The declaration of Robert Bennett, the administrative remedy coordinator at
(continued...)

When the Warden of FCI-Edgefield has issued his determination on the petitioner's formal grievance, only the first step of the formal administrative process will have been completed. Hence, the petitioner must appeal the Warden's determination to the Regional Director of the Federal Bureau of Prisons, and, if necessary, will have to appeal to the Office of General Counsel. 28 C.F.R. § 542.15. *See also Williams v. O'Brien*, 792 F.2d at 987. The petitioner "has no alternative but to

---

(...continued)
      the United States Penitentiary, Leavenworth, Kansas, reveals that all available records of administrative remedy submissions for the plaintiff were searched and that none of the plaintiff's submissions pertained to the issues raised in the instant complaint. Bennett's declaration summarizes the plaintiff's nine different administrative remedy submissions and recounts that all but one of the submissions were rejected on procedural grounds pursuant to 28 C.F.R. § 542.17. Bennett's declaration is supported by computer-generated reports from SENTRY, the computer-based system on which all inmate submissions are permanently recorded.

      Other than the conclusory assertions in the plaintiff's complaint, there is nothing of record to demonstrate that he exhausted the available administrative remedies. The plaintiff's explanation of the steps he took towards exhaustion shows his efforts were incomplete. The plaintiff only refers to his filing of an "informal remedy." Though he lists several "BP" forms, he fails to mention an appeal (BP-11) to the General Counsel. As for his excuse that "they never" replied, the plaintiff was still obligated to pursue all levels of the administrative scheme. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Under these circumstances, the record is devoid of a factual basis for reasonably believing that the plaintiff fully exhausted the administrative remedies available to him under the federal prison system.

      IT IS THEREFORE ORDERED that the defendant's motion to dismiss for lack of subject matter jurisdiction (Dk. 15), and motion to grant its motion to dismiss as uncontested (Dk. 18) are granted, and the case is dismissed without prejudice due to the plaintiff's failure to exhaust administrative remedies before bringing this action.

*Hernandez v. Steward, supra*, at *1-*2.

comply" with these administrative procedures. *Williams v. O'Brien*, 792 F.2d at 987. *See also* 28 C.F.R. §§ 542.10 through 542.16; and *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court).

### *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring the respondent to file a return* because the petitioner has not exhausted his administrative remedies in the Federal Bureau of Prisons. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion required for petitions filed pursuant to 28 U.S.C. § 2241); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

November 1, 2007                              s/Joseph R. McCrorey
Columbia, South Carolina                      United States Magistrate Judge

8

## Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).